### STATE *v.* LEWIS LOVENSTEIN.

No distinction is made between the default of a juror who has not appeared, and one who after appearing in court was absent when he was called. In either case if a sufficient number of the panel are present the jury will be completed from them, unless the court, in its discretion, should defer the trial, in order to bring in the defaulting juror by attachment.

Decision in *State* v. *McLane*, 4 A. 685, affirmed.

An assault with a dangerous weapon is punishable under the Act of 1849, though there be no intent to kill.

Under the Act of 1829, it is not necessary that the weapon with which the assault was made should have been concealed.

APPEAL from the First District Court of New Orleans, *Robertson*, J.

*Morse*, Attorney General:

1st. An assault with a dangerous weapon, is one offence, and carrying con-

cealed weapons is another, and they are distinct crimes and differently punished.    See Acts 1829, Feb. 7, Bullard & Curry, 270.

2d.    In all criminal proceedings in the Criminal Court of the First District for crimes and offences, punishable by not more than two years hard labor, the proceedings may be by information.    See Acts 1841, March 8, B. & C. 282.

3d.    An assault with a dangerous weapon is only punishable by one year at hard labor.    Acts 1829, B. & C. 270.

4th.    The court properly refused to delay the trial on account of the absence of *Durrive*, while the panel was still unexhausted.

*Durant & Horner,* for appellant:

The accused was proceeded against by the District Attorney in New Orleans, in the way of information, under the 4th section of an Act of 7th February, 1829, B. & C. Dig. p. 270, for assaulting one *Louis Croizy* with a dangerous weapon, &c.

The prisoner was found guilty by the jury and after an ineffectual attempt to arrest judgment, was sentenced to fine and imprisonment, and has appealed.

*First*—The appellant complains that the court below refused to allow him the benefit of being tried by the jurors as they were called from the jury list by the Sheriff.    It appears that when the jury was being empannelled, the name of *Edward Durrive* was called as a juror from the list, but he did not answer, and the Sheriff declared that he had left the court room; the prisoner insisted that *Durrive* should be presented to him for his choice, but the court refused this demand, and ordered the Sheriff to proceed and call the next juror on the list.    See Bill of Exceptions, Record, p. —.    In this the court below erred.

See 1 Chitty's Criminal Law, p. 532 :

Ryland's Crown C. C., page 6.

*Second*—The appellant contends that the District Attorney had no right to proceed against him by way of information.

See Act of March 8, 1841, page 59 ;

Act of March 12, 1818, B. & C. Dig. page 192 ;

Act of January 16, 1821, sec. 3, B. & C. Dig. p. 193 ;

Act of April 2, 1832, B. & C. page 196 ;

Act of February 10, 1813, B. & C. page 182 ;

Act of May 15, 1846, page 45 ;

Act of April 30, 1846, sec. 1, page 32 ;

Act of April 30, 1846, sec. 6 ;

Act of April 28, 1853, sec. 1, page 190 ;

Act of April 28, 1853, sec. 6.

The last quoted act contains no provisions in regard to informations similar to the Act of 1846.

*Third*—The appellant contends that the crime charged in the information is not defined by any statute of the State, and does not make him liable to be punished.    See the *State* v. *Mix,* 8 Rob. 550.

The terms " or with intent to kill" are merely explanatory of the words " with a dangerous weapon."

The French text must now be called in to our aid.

Constitution of 1852, Art. 129.

See the French and English texts of sec. 3, Act of 25th March, 1844, page 80.

*Fourth*—The appellant contends that the information is defective, because it does not charge that the weapon was concealed.

See Act of March 25, 1813, 2 Mar. Dig. 264 ;

Repealing Act of 19th March, 1818, 1 Mar. Dig. 379 ;

Amending Act of 7th February, 1829, B. & C. Dig. sec. 4, p. 270 ;

*Montesquieu* v. *Heil,* 4 L. R. 51 ;

Laws in *pari materia* are taken as one.

*Rogers* v. *Beiller,* 3 Martin, 672.

*McCartee* v. *Orphan Asylum Society,* 9 Cowan, 507.

9 Bacon's Abridgment, 243 Phil. 1846.

*Pearce* v. *Atwood,* 13 Mass. 324.

This is requiring a strict construction in favor of the appellant, and such is the true spirit in which criminal laws are to be construed.

See Boston Law Reporter, August 1853, p. 200.

*Regina* v. *Hartnett,* Jebbs Crown Cases, 301.

315

Statutes with regard to assault—B. & C. Dig. p. 259 sec. 89, p. 246 sec. 24, p. 248 sec. 32, p. 251 sec. 52, p. 265 sec. 116 and 117.

OGDEN, J. (VOORHIES, J., absent.) One of the jurors of the panel who had been in court during the day and preceding the trial of the prisoner, having been called and not appearing, the prisoner objected to the Sheriff's proceeding to call another juror and requested that the Sheriff should be directed to bring forward the defaulting juror, to be presented to him. The court having refused to do this and ordered the jury to be empannelled without the absent juror, the prisoner excepted. We think the court did not err. No distinction is made between the default of a juror who has not appeared and one who after appearing has made default. In either case if a sufficient number of the panel are present, the jury will be completed from them, unless the court in its discretion should defer the trial, in order to bring in by attachment the defaulting juror.

The prisoner was convicted under the 4th section of the Act of 1829, of an assault with a dangerous weapon, and moved for an arrest of judgment on several grounds.

1st. That the proceeding against him by way of information was unauthorised by law. The point made by counsel in support of this ground was expressly overruled in the case of *The State* v. *McLane*, 4th Ann. 435, in which it was decided that the statute of 8th March, 1841, authorizing proceedings by information in certain cases in the Criminal Court of the First District, was applicable to the First District Court of New Orleans, which after the Constitution of 1845, was substituted in place of the former Criminal Court of the First District. The decision in that case does not rest alone on the reason stated among others, that the Act of 1846, organizing the courts for the parish and city of New Orleans, directed that informations should be filed in the First District Court, and the omission to insert a similar clause in the Act of 1853, organizing the First District Court of New Orleans, under our present Constitution can not, in our opinion, have the effect of making any change in the mode of prosecuting offences before that court, as it existed under the laws applicable to the court for which it was substituted.

2d. The next ground relied on, is that the statute of 1849, does not make an assault with a dangerous weapon an offence, unless coupled with the intent to kill, which is not charged in the information. The words of the statute are: "that whoever shall, with a dangerous weapon, or with intent to kill, make an assault upon another person, &c." The words "or with intent to kill," it is contended are explanatory of the words "with a dangerous weapon," and the French text of the statute in which the conjunction *and* is used instead of the disjunctive, *or*, is relied on in support of this interpretation. In the case of *The State* v. *Mix*, 8th Rob. R. 549, the English text was considered by the court as expressing the true meaning of the Legislature, and as being free from any ambiguity. The meaning of the Legislature would appear to be to punish the offence of assaulting another, either with a dangerous weapon or with the intent to kill even by the use of a weapon not in itself dangerous, but so used as to manifest the intention of killing, thereby creating two distinct and substantive offences. We think the offence was punishable under the statute as charged in the information.

The third and last ground relied on, is that the information is defective, because it does not charge that the weapon was concealed. The statute of 1829,

41

on which the information is based, was an amendment of an Act of 1813, entitled, " An Act against carrying concealed weapons and going armed in public places in an unnecessary manner," and it is urged that the Act of 1829, must therefore be taken and construed as if it had been part of the Act amended under the above title and as having reference to concealed weapons. We do not think such an interpretation would be in accordance with the meaning of the Legislature, and the strictest·construction which is invoked in favor of the appellant, would not authorise us to disregard the evident meaning and intention of the statute as derived from its language.

The judgment of the court below is therefore affirmed with costs.